Benjamin Phillip SCOTT

v.

The STATE of Texas.

No. 05–92–01591–CR.

Court of Appeals of Texas,
Dallas.

July 30, 1993.

Lawrence B. Mitchell, Dallas, for appellant.

Linda Green, Dallas, for appellee.

Before THOMAS, CHAPMAN and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Benjamin Phillip Scott appeals his conviction for aggravated assault. The trial court assessed punishment, enhanced by two prior convictions, at twenty-five years' confinement. Appellant claims that the trial court erred in denying his request to withdraw his plea of not guilty and enter a plea of guilty. We hold that appellant made his request too late in the proceeding to have a right to withdraw his plea; therefore, the decision to withdraw the plea was within the trial court's discretion. We hold that the trial court did not abuse its discretion in denying the request. Accordingly, we overrule appellant's point and affirm the judgment of the trial court.

Appellant waived his right to a jury trial and entered a plea of not guilty. After the State presented evidence, both sides rested and closed their cases. Closing arguments were then conducted by counsel. Upon conclusion of the arguments, the court recessed. When the court reconvened, appellant moved to reopen so he could change his plea of not guilty to guilty. The court overruled appellant's motion.

In his sole point of error, appellant contends that the trial court erred in denying his request to withdraw his plea of not guilty and enter a plea of guilty. Appellant asserts that the court's refusal to allow him to change his plea deprived him of a fair trial. If he was permitted to enter a plea of guilty, appellant argues that deferred adjudication would have been an available sentencing option. Thus, appellant claims he was harmed by the court's action.

■ The developed case law concerning the withdrawal of pleas presents primarily the situation where a defendant seeks to enter a plea of not guilty in place of a previous guilty plea. Although the case before us presents the exact opposite event, appellant urges us to apply the same principles of law. We agree the same principles apply.

■ A lenient practice prevails in Texas concerning the withdrawal of a guilty plea.

*See McWherter v. State,* 571 S.W.2d 312, 313 (Tex.Crim.App. [Panel Op.] 1978). It is well established that, when a guilty plea is before a jury, the accused may at any time before the retirement of the jury withdraw the plea as a matter of right. *Id.* In a trial before the court, a defendant may withdraw his guilty plea as a matter of right without giving a reason until judgment has been pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. [Panel Op.] 1979). However, if a defendant requests permission to withdraw a guilty plea after the trial judge has taken the case under advisement or pronounced judgment or after the jury has retired, the withdrawal of the plea is within the sound discretion of the trial court. *Id.; McWherter,* 571 S.W.2d at 313.

When the law governing the withdrawal of guilty pleas is applied to the withdrawal of not-guilty pleas, the issue before us is whether appellant had a right to withdraw his plea at the time he attempted to do so. Appellant contends that he requested permission to change his plea prior to the time judgment was rendered. Therefore, appellant argues that the trial court had no discretion to refuse the request. However, under the standard set forth in *Jackson,* if the trial court had already taken the case under advisement before the request to withdraw was made, then appellant is not entitled to withdraw his plea as a matter of right. *Jackson,* 590 S.W.2d at 515.

■ A case is deemed to have been taken under advisement after each side has concluded its presentation of evidence on the subject of guilt, the defendant's guilt has been established, and the only issue remaining to be decided is the appropriate punishment. *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.). There is no requirement that there be a finding of guilt before a case is considered to have been taken under advisement. *See Wissinger v. State,* 702 S.W.2d 261, 262 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). On the other hand, a case is not regarded as "under advisement" and a defendant is entitled to withdraw a guilty plea, if the request to withdraw is made before the evidence is closed and the

case is sent to the finder of fact. *See Wilson v. State*, 515 S.W.2d 274, 275 (Tex.Crim.App. 1974). We note that the court of criminal appeals has held that the trial court taking "a case under advisement" is very similar to the retirement of a jury to consider its verdict. *Ralls v. State*, 151 Tex.Crim. 146, 205 S.W.2d 594, 596 (1947).

█ In the present case, the court recessed after presentation of the evidence and the argument concluded. Appellant did not ask to withdraw his plea until the court reconvened. Immediately after hearing and overruling appellant's motion, the trial court announced its verdict of guilty and proceeded to the punishment phase of the trial. The trial court, in essence, "took the case under advisement" when it recessed following closing arguments. This point in the proceeding is analogous to when a jury would retire. The fact that appellant's request was made before the trial court stated its finding of guilt and imposed punishment is inconsequential in this case. *See Thompson*, 852 S.W.2d at 270.

█ Therefore, we hold that appellant could not withdraw his plea as a matter of right because his request came too late in the proceeding. The withdrawal of the plea was within the sound discretion of the trial court. The record does not demonstrate that the trial court abused its discretion in denying appellant's request. Accordingly, we overrule appellant's point of error.

We affirm the trial court's judgment.