Cesar Martinez v. State










WITHDRAWN 8-18-99





IN THE
TENTH COURT OF APPEALS
 

No. 10-98-161-CR

     CESAR MARTINEZ,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 122nd District Court
Galveston County, Texas
Trial Court # 95CR1025
                                                                                                                

O P I N I O N
                                                                                                                

     Appellant Martinez appeals his conviction for engaging in organized criminal activity, for
which he was sentenced to 20 years in the Texas Department of Criminal Justice—Institutional
Division.
      Appellant was indicted with six others on August 1, 1996, for engaging in organized criminal
activity (selling cocaine).


 On August 12, 1996, Appellant pled guilty to the charges in the
indictment and entered into a plea-bargain agreement with the State to testify against the other
persons indicted. In exchange for his cooperation the State agreed to recommend a prison sentence
of 20 years. 
      On August 12, 1996, the court accepted the plea-bargain agreement and found Appellant
guilty. On November 6, 1997, fifteen months after the guilty plea, Appellant’s attorney filed a
motion to withdraw his guilty plea on the ground that it was not voluntary. Also, on November
6, 1997, Appellant filed a pro se motion asking the court to dismiss his attorney, Mr. Quintanilla.
      Appellant’s attorney filed a motion to withdraw as attorney for Appellant on January 9, 1998. 
On the same day the court denied both Appellant’s motion to dismiss his attorney and the
attorney’s motion to withdraw.
      On February 12, 1998, the court heard Appellant’s motion to withdraw his plea of guilty and
denied same. On the same date the court rendered judgment that Appellant, having been found
guilty, was assessed punishment of 20 years and judgment was rendered accordingly.
      By different appointed counsel, Appellant appeals on four points of error.
      Point one:    The trial court did not have discretion to deny Appellant’s motion to withdraw
his guilty plea.
      Point two:    The trial court abused its discretion when it refused to allow Appellant to
withdraw his guilty plea by finding that the plea entered into was knowing and
voluntary.
      A defendant may withdraw his guilty plea as a mater of right without assigning reason until
judgment has been pronounced or the case has been taken under advisement. Jackson v. State,
590 S.W.2d 514, 518 (Tex. Crim. App. 1979). However, where the defendant decides to
withdraw his guilty plea after the trial judge takes the case under advisement, the withdrawal of
the plea is within the sound discretion of the trial court. Id. at 515.
      A case is deemed to have been taken under advisement after each side has concluded its
presentation of evidence on the subject of guilt, the defendant’s guilt has been established, and the
only remaining issue to be decided is the appropriate punishment. Thompson v. State, 852 S.W.2d
268, 270 (Tex. App.—Dallas 1993, no pet.).
      Appellant was found guilty at the August 12, 1996, hearing. The exhibits reflect court
waivers, stipulations of evidence of guilt, and Appellant’s plea of guilty. Appellant, his attorney,
and the judge all signed statements that Appellant understood all court admonitions; that
Appellant’s plea was freely, voluntarily, and intelligently made; that a plea bargain was entered
between the State and Appellant for a 20-year term in return for his plea of guilty and his
agreement to testify truthfully at the trials of the six named persons who had been indicted with
him for organized criminal activity in connection with the sale of cocaine.
      Appellant’s plea was accepted and his guilt was established in the August 12, 1996, hearing. 
The only thing remaining was the imposition of the plea-bargained sentence of 20 years. The case
was taken under advisement to permit Appellant to fulfill his obligations under his agreement to
testify for the State. In such situation there was no abuse of discretion in the denial of Appellant’s
motion to withdraw his guilty plea. Hayden v. State, 818 S.W.2d 194, 196-97 (Tex.
App.—Corpus Christi 1991, no pet.); DeVary v. State, 615 S.W.2d 739, 740-41 (Tex. Crim. App.
1981); Scott v. State, 860 S.W.2d 645, 646 (Tex. App.—Dallas 1993, no pet.).
      Appellant did not seek to withdraw his plea until after his case was taken under advisement
or his guilt was determined. His request was not presented until 18 months after he entered his
plea of guilty. His attempt to withdraw his plea was not timely and the trial court did not abuse
its discretion in denying the request.
      Points one and two are overruled.
      Point three:  Appellant received ineffective assistance of counsel at the hearing on his motion
to withdraw his guilty plea.
      Specifically, Appellant alleges his attorney prevented him from testifying at the hearing on
his motion to withdraw his guilty plea wherein he had alleged that it had been involuntarily entered
into.
            Strickland v. Washington, 466 U.S. 668 and Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986), set the standard for analyzing a claim of ineffective assistance of counsel. 
These cases adopted a two-prong analysis for claims of ineffective assistance. Under the first
prong, the defendant must show that counsel’s performance was deficient by norms of the
community to the extent that counsel failed to function as guaranteed by the Sixth Amendment. 
Under the second prong the defendant must show that counsel’s performance prejudiced the
defense. To show prejudice the defendant must show there is reasonable probability, but for
counsel’s unprofessional errors, the results of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. The
burden of proving ineffective assistance is on the defendant and it must be proved by a
preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
And when reviewing a claim of ineffective assistance, “a court must indulge a strong presumption
that counsel’s conduct falls within a wide range of reasonable professional assistance”; that is, the
defendant must overcome the presumption that, under the circumstances, the challenged action or
omission might be considered trial strategy. Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App.
1994). The question of sound trial strategy is determined by viewing all the circumstances as they
appeared to counsel at the time of trial. As such Appellant bears a tremendous burden in proving
that his counsel fell below some objective norm of practice in his presentation. Calderon v. State,
950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.). Even without Appellant testifying in
support of his motion to withdraw his guilty plea, there was ample evidence for the court to
consider whether Appellant’s plea was involuntary. The documentary evidence all indicated
Appellant’s plea had been entered into voluntarily. The judge who accepted the plea of guilty
testified he would not have accepted the admonition and waivers and signed them if he had not
gone over them with the Appellant. The waivers, stipulation and formal agreement to testify were
all sworn to by Appellant and bear his signature.
      Appellant did not meet his burden to prove by a preponderance of the evidence that he
received ineffective assistance of counsel at the hearing on his motion to withdraw his plea of
guilty.
      Point three is overruled.
      Point 4: The trial court committed reversible error in denying Appellant’s motion to dismiss
appointed counsel and appoint new counsel to represent him in his motion to
withdraw his guilty plea.
      Mr. Quintanilla was appointed to represent Appellant on July 22, 1996. Appellant pled guilty
with counsel present on August 12, 1996. Fifteen months later, on November 10, 1997, Appellant
filed a pro se motion to dismiss Mr. Quintanilla and appoint one of two attorneys he named in his
motion. Mr. Quintanilla also filed a motion to withdraw as Appellant’s counsel on January 9,
1998.
      There is a docket entry made on January 9, 1998, as follows: “Deft’s motion to dismiss Atty
Quintanilla is denied and Mr. Quintanilla is to remain on this case. Ct. Reporter Judy Hanson.” 
There is no statement of facts for this hearing in the record.
      In any event an accused does not have his own choice of appointed counsel and, unless he
waives his right to counsel and chooses to represent himself, or shows adequate reason for the
appointment of new counsel, he must accept the counsel appointed by the court. Garner v. State,
864 S.W.2d 92, 98 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
      A trial judge is under no duty to search until he finds an attorney agreeable to an indigent
defendant. Malcolm v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982).
      There is nothing in the record before us to show that the trial court did not fully consider
Appellant’s request to discharge appointed counsel. The trial court did conduct a hearing, after
which it denied Appellant’s request, and there is no record of this hearing before us.
      Point four is overruled. The judgment is affirmed.
CONCLUSION
      We have determined that the court did not abuse its discretion in denying Appellant's motion
to withdraw his plea of guilty. Because we have no evidence that Appellant was prevented from
testifying at the hearing nor any evidence as to what his testimony would have been, we have not
found that his counsel was ineffective.
      Our review of the record, however, indicates that this was a case in which certain procedures
were not satisfied. It appears from the reporter's record from the April 12, 1998 hearing and from
the docket sheet that there was confusion over the documentation of Appellant's plea. 
Furthermore, there is no reporter's record from the January 6, 1998 hearing on the motion to
withdraw as counsel. Because the record is not fully developed in this appeal, our opinion should
not preclude these questions being raised by a writ of habeas corpus. 
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 26, 1999
Do not publish
[WITHDRAWN BY ORDER 8-18-99]