Cesar Martinez v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-161-CR

     CESAR MARTINEZ,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 122nd District Court
Galveston County, Texas
Trial Court # 95CR1025
                                                                                                                   

O P I N I O N
                                                                                                                   

     Appellant Martinez appeals his conviction for engaging in organized criminal activity, for which
he was sentenced to 20 years in the Texas Department of Criminal Justice—Institutional Division.
      Appellant was indicted with six others on August 1, 1996, for engaging in organized criminal
activity (selling cocaine).


 On August 12, 1996, Appellant pled guilty to the charges in the indictment
and entered into a plea-bargain agreement with the State to testify against the other persons indicted. 
In exchange for his cooperation the State agreed to recommend a prison sentence of 20 years. 
      On August 12, 1996, the court accepted the plea-bargain agreement and found Appellant guilty. 
On November 6, 1997, fifteen months after the guilty plea, Appellant’s attorney filed a motion to
withdraw his guilty plea on the ground that it was not voluntary. Also, on November 6, 1997,
Appellant filed a pro se motion asking the court to dismiss his attorney, Mr. Quintanilla.
      Appellant’s attorney filed a motion to withdraw as attorney for Appellant on January 9, 1998. 
On the same day the court denied both Appellant’s motion to dismiss his attorney and the attorney’s
motion to withdraw.
      On February 12, 1998, the court heard Appellant’s motion to withdraw his plea of guilty and
denied same. On the same date the court rendered judgment that Appellant, having been found
guilty, was assessed punishment of 20 years and judgment was rendered accordingly.
      By different appointed counsel, Appellant appeals on four points of error.
      Point one:    The trial court did not have discretion to deny Appellant’s
motion to withdraw his guilty plea.
      Point two:    The trial court abused its discretion when it refused to allow
Appellant to withdraw his guilty plea by finding that the plea
entered into was knowing and voluntary.
      A defendant may withdraw his guilty plea as a matter of right without assigning reason until
judgment has been pronounced or the case has been taken under advisement. Jackson v. State, 590
S.W.2d 514, 518 (Tex. Crim. App. 1979). However, where the defendant decides to withdraw his
guilty plea after the trial judge takes the case under advisement, withdrawal of the plea is within the
sound discretion of the trial court. Id. at 515.
      A case is deemed to have been taken under advisement after each side has concluded its
presentation of evidence on the subject of guilt, the defendant’s guilt has been established, and the
only remaining issue to be decided is the appropriate punishment. Thompson v. State, 852 S.W.2d
268, 270 (Tex. App.—Dallas 1993, no pet.).
      Appellant was found guilty at the August 12, 1996, hearing. The exhibits reflect court waivers,
stipulations of evidence of guilt, and Appellant’s plea of guilty. Appellant, his attorney, and the
judge all signed statements that Appellant understood all court admonitions; that Appellant’s plea was
freely, voluntarily, and intelligently made; that a plea bargain was entered between the State and
Appellant for a 20-year term in return for his plea of guilty and his agreement to testify truthfully at
the trials of the six named persons who had been indicted with him for organized criminal activity
in connection with the sale of cocaine.
      Appellant’s plea was accepted and his guilt was established in the August 12, 1996, hearing. The
only thing remaining was the imposition of the plea-bargained sentence of 20 years. The case was
taken under advisement to permit Appellant to fulfill his obligations under his agreement to testify
for the State. In such situation there was no abuse of discretion in the denial of Appellant’s motion
to withdraw his guilty plea. Hayden v. State, 818 S.W.2d 194, 196-97 (Tex. App.—Corpus Christi
1991, no pet.); DeVary v. State, 615 S.W.2d 739, 740-41 (Tex. Crim. App. 1981); Scott v. State,
860 S.W.2d 645, 646 (Tex. App.—Dallas 1993, no pet.).
      Appellant did not seek to withdraw his plea until after his case was taken under advisement or
his guilt was determined. His request was not presented until 18 months after he entered his plea of
guilty. His attempt to withdraw his plea was not timely and the trial court did not abuse its discretion
in denying the request.
      Points one and two are overruled.
      Point three:  Appellant received ineffective assistance of counsel at the hearing
on his motion to withdraw his guilty plea.
      Specifically, Appellant alleges his attorney prevented him from testifying at the hearing on his
motion to withdraw his guilty plea wherein he had alleged that it had been involuntarily entered into.
      Appellant’s complaint is barred by Rule 33.1(a) of the Rules of Appellate Procedure. Tex. R.
App. P. 33.(a). The Rule provides that as a prerequisite to presenting a complaint for appellate
review, the record must have (1) a timely request, objection, or motion made to the trial court stating
the grounds for the complaint; and (2) a ruling on the request, objection, or motion or a refusal to
rule coupled with an objection to such refusal. See id. Applying the clear language of the Rule, we
find that Appellant’s complaints of ineffective assistance of counsel have not been preserved for our
review. Gonzales v. State, No. 10-98-268-CR, slip. op. (Tex. App.—Waco, June 9, 1999, no pet.);
Rodriguez v. State, No. 10-98-276-CR, slip op. (Tex. App.—Waco, July 21, 1999, no pet.). 
      Point three is overruled.
      Point 4: The trial court committed reversible error in denying Appellant’s motion
to dismiss appointed counsel and appoint new counsel to represent him in
his motion to withdraw his guilty plea.
      Mr. Quintanilla was appointed to represent Appellant on July 22, 1996. Appellant pled guilty
with counsel present on August 12, 1996. Fifteen months later, on November 10, 1997, Appellant
filed a pro se motion to dismiss Mr. Quintanilla and appoint one of two attorneys he named in his
motion. Mr. Quintanilla also filed a motion to withdraw as Appellant’s counsel on January 9, 1998.
      There is a docket entry made on January 9, 1998, as follows: “Deft’s motion to dismiss Atty
Quintanilla is denied and Mr. Quintanilla is to remain on this case. Ct. Reporter Judy Hanson.” 
There is a statement of facts for this hearing in the record.
      In any event an accused does not have his own choice of appointed counsel and, unless he waives
his right to counsel and chooses to represent himself, or shows adequate reason for the appointment
of new counsel, he must accept the counsel appointed by the court. Garner v. State, 864 S.W.2d 92,
98 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
      A trial judge is under no duty to search until he finds an attorney agreeable to an indigent
defendant. Malcolm v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982).
      There is nothing in the record before us to show that the trial court did not fully consider
Appellant’s request to discharge appointed counsel. The trial court did conduct a hearing, after which
it denied Appellant’s request.
      Point four is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed August 18, 1999
Do not publish