NO. 07-00-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 18, 2001

______________________________

ARISTIDES REYNALDO GUEVARA,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 262nd
 DISTRICT COURT OF HARRIS COUNTY;

NO. 817359; HON. MIKE ANDERSON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Aristides Reynaldo Guevara (appellant) appeals his conviction for burglary of a habitation with intent to commit theft.  His sole point of error involves his guilty plea.  That is, he contends that the trial court erred in “failing to take into consideration [his] testimony . . .  as to his innocence” when refusing to allow appellant to withdraw his guilty plea.  We affirm.

The record illustrates that appellant not only pled guilty to the aforementioned crime but also admitted to committing same via a written judicial confession.  So too does it illustrate that he was admonished by the trial court pursuant to Texas Code of Criminal Procedure art. 26.13.  However, before sentence was pronounced, appellant moved to withdraw his plea of guilty.  He did so because he claimed he was innocent and pled guilty simply to avoid an extended prison sentence.  The trial court denied appellant’s motion and sentenced him to ten years imprisonment.  

Before us, appellant does not argue that he was entitled to withdraw his plea as a matter of right.  
See DeVry v. State
, 615 S.W.2d 739 (Tex. Crim. App. 1981) (stating that a defendant may withdraw his guilty plea as a matter of right until the case has been taken under advisement).  Nor does he contend that the cause had yet to be taken under advisement when he moved to withdraw his plea.  
See Scott v. State
, 860 S.W.2d 645 (Tex. App.–Dallas 1993, no pet.) (holding that a cause is taken under advisement at least by the time the litigants had presented their evidence and argument and the court recessed, though it had yet to formally announce its verdict).  Instead, he focuses on whether the trial court considered the “totality of the circumstances” or all the evidence in making its decision, and therein lies the problem.

First, appellant waived the transcription of his plea hearing.  Thus, we lack a complete record due to appellant’s decision to waive the memorialization of the hearing.  And, because the record is incomplete, appellant’s conduct has prevented us from being able to consider the “totality of the circumstances.”

Second, nothing of record indicates that the trial court failed to consider all the evidence and circumstances before it in making its decision.  Furthermore, even though  appellant recanted both his confession and guilty plea, the decision to permit him to withdraw his plea remained discretionary on the part of the court.  This is so because a trial court is no longer required to withdraw a plea of guilty when the plea was entered before the court after the defendant waived a jury and evidence appears raising a question as to the defendant’s innocence.  
Thomas v. State
, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); 
Moon v. State
, 572 S.W.2d 681 (Tex. Crim. App. 1978).  So, given that appellant waived his right to a jury trial, pled guilty, received his statutory admonishments, and judicially confessed to the crime, we hold that the trial court did not abuse its discretion in denying the motion to withdraw the plea.  
See Solis v. State
, 945 S.W.2d 300, 302-303 (Tex. App.–Houston [1
st
 Dist.] 1997, pet. ref’d.).

Accordingly, the judgment is affirmed.

Brian Quinn

   Justice

Do not publish.