**Terry LANDRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–06–00186–CR.

Court of Appeals of Texas,
Texarkana.

Submitted April 12, 2007.

Decided June 5, 2007.

Elizabeth Derieux, Brown McCarroll LLP, Longview, for appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Terry Landry was convicted of capital murder and sentenced to life imprison-

ment.[1] His appeal urges that the trial court erred in failing to submit lesser included offenses for the jury's consideration. We affirm the conviction.

The victim, Joshua Petrea, attempted to attract the interest of Jessica Rodriguez, a friend of Daniel Massie's girlfriend, Maria Sanchez, by leaving his telephone number and first name on a napkin under Rodriguez' glass at a pizza parlor where they were eating (and at which Massie worked). The evidence indicates that Massie sent text messages to Petrea from the number he thought belonged to the girl, telling Petrea to meet her at a specific house that night. In the meantime, Massie had called his friends, Landry and Ricardo Cortez—to assist in his plan. There is testimony that Massie wanted to kill Petrea for talking to his girlfriend, that "Massie was very angry and made a slashing motion from ear to ear describing cutting the boy's throat and advised Massie needed them to help him with killing this white male." The evidence shows that when Petrea arrived, believing he would meet the girl, he instead met Massie and two of Massie's friends (Landry and Cortez), who beat him, stole his belongings, threw him into the trunk of a car, and drove into the woods. Once there, they stabbed Petrea to death.

## I. Lesser Included Offense Requested Instructions

Landry contends the trial court erred by not charging the jury on the lesser included offenses of murder and aggravated assault. The State takes the position that, first, no lesser included offense instruction was required because the theory presented was that of guilt as being criminally responsible for another's actions, and second, there was no evidence to show that, if guilty, Landry was guilty only of a lesser offense.

The jury was charged on criminal responsibility and was also charged on the affirmative defense that Landry acted only due to threat of imminent death or serious bodily injury to himself. The Texas Penal Code provides several versions of criminal responsibility, and the jury was charged on all variations. Tex. Penal Code Ann. § 7.02(a)(2), (b) (Vernon 2003).

■ Landry alleges he was entitled to a jury charge on whether he was guilty of only aggravated assault as a lesser included offense of capital murder because there is evidence he kicked Petrea in the ribs and pointed a firearm at him. In determining whether to submit a lesser included charge, the court must conclude: (1) the requested charge is for a lesser included offense of the charged offense; and (2) there is some evidence that, if the defendant is guilty, he or she is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex.Crim.App.2006) (citing *Hayward v. State*, 158 S.W.3d 476, 478 (Tex.Crim.App.2005); *Campbell v. State*, 149 S.W.3d 149, 153 (Tex.Crim.App.2004)). Further, the evidence must establish the lesser included offense as a valid rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim.App.2000); *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex.Crim.App.1997). This means the evidence must allow a jury to rationally conclude the appellant was guilty only of the lesser offense. *Wesbrook*, 29 S.W.3d at 114.

### A. First element of lesser included instructions—aggravated assault and murder

---

1. Daniel Massie was also convicted in this murder. Our opinion affirming his conviction was released April 11, 2007, in cause number 06–06–00089–CR. Landry was tried separately.

We are to determine the first issue from the pleadings. *Hall v. State,* 225 S.W.3d 524 (Tex.Crim.App., 2007). Therefore, we must compare the statutory elements of capital murder as set out in the indictment to the elements of the requested lesser offense. This issue is a legal question and does not depend on the evidence presented at trial. *Id.* If the first requirement is met, we will determine the second issue by reviewing the evidence to determine if there is any evidence that, if Landry is guilty, he is guilty only of the lesser offense.

Here, the State alleged that Landry intentionally caused the death of Petrea by cutting or stabbing Petrea and that Landry was in the course of committing or attempting to commit the offense of robbery and kidnapping of Petrea.

▪ The statutory requirements for aggravated assault under Section 22.02 of the Texas Penal Code are: commission of assault as defined in Section 22.01 and (1) causing serious bodily injury to another or (2) using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01–.02 (Vernon Supp.2006). One of the elements required in the second method of committing aggravated assault is the use or exhibition of a deadly weapon. In this murder indictment, the State did not allege that a deadly weapon was used or exhibited and, therefore, the State was not required to prove that a deadly weapon was used in the commission of the offense.[2] Therefore, that method of committing aggravated assault contains an additional element not found in this murder indictment, and that

form of committing aggravated assault is not a lesser included offense for the murder as alleged. *See Hall,* 225 S.W.3d 524. The other method of committing aggravated assault (causing serious bodily injury) is a lesser included offense of the charged offense of capital murder (requiring causing death).

The same analysis holds true for murder as a lesser included offense of the allegations in this case of capital murder. (Intentionally causing the death of an individual.) One manner of committing aggravated assault (causing serious bodily injury) and murder possibly could be lesser included offenses of the offense charged in the indictment. The second question is whether there is any evidence that Landry, if he is guilty, is guilty only of either of the lesser offenses.

**B. Second element of lesser included instructions—aggravated assault and murder**

*1. Aggravated assault*

▪ Landry alleges he is guilty only of the lesser offense of aggravated assault—based on his own conduct—because he pointed a gun at Petrea and kicked him in the ribs. To arrive at this conclusion, he attempts to divorce himself from the further actions of that day wherein there was first an attempt made to rob Petrea and later Petrea was taken to a secluded location and murdered. There was some evidence presented to the jury attempting to convince the jury that Landry did not willingly participate in the events that led to

---

**2.** While the State alleged the crime occurred by "cutting or stabbing," there was no allegation that such injuries occurred by the use of a deadly weapon. The State did not specifically allege the use of a deadly weapon, that any weapon was per se deadly, or request a special issue on a deadly weapon. *See Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App.

1985); *Vasquez v. State,* 56 S.W.3d 46, 47 (Tex.Crim.App.2001). We have no evidence that the State gave written notice of an intent to seek an affirmative finding of a deadly weapon. *See Ex parte Minott,* 972 S.W.2d 760, 761 (Tex.Crim.App.1998). Further, the judgment does not contain an affirmative finding of the use of a deadly weapon.

Petrea's murder. In determining if the trial court should have instructed the jury on the lesser included offenses of aggravated assault and murder, we review the evidence.

In the statement given to the FBI officer, Landry stated, "Massie wanted to kill the white male," described cutting the boy's throat, and advised Massie that he needed Landry and Cortez to help him with getting this white male. Landry knew Massie wanted to set Petrea up and jump him; Landry, Cortez, Massie, and Massie's girlfriend went to Massie's house; they all agreed to set Petrea up; when Petrea came to the house, Massie gave Landry a sawed-off shotgun. Landry, Massie, and Cortez made Petrea get on the ground, and Landry pointed the shotgun at him; Massie asked Petrea if he had any money, and Petrea said he had $25.00 in his truck. Landry held Petrea at gunpoint while Cortez and Massie looked in Petrea's truck for the money. When Massie and Cortez returned, Massie told Landry to get into Cortez' car and exhibited to Landry that he had a gun. Petrea was put in the trunk of the car. While traveling to a wooded area, Massie told Cortez and Landry he was going to cut the boy's throat. Landry knew at this time they were going to kill Petrea. They got Petrea out of the trunk; Landry was forty to fifty yards away when Massie and Cortez walked Petrea into the wooded area. Landry knew they were going to cut Petrea's throat. After Petrea was killed, Landry advised Cortez and Massie they had blood on their gloves and arms. They drove back to Massie's house and got Petrea's truck, which Cortez began to drive and in which Landry was a passenger. They went back to the crime scene to obtain Massie's cap. They abandoned the truck in a wooded area. Later, Cortez and Landry washed the blood off the car and vacuumed the trunk.

Landry testified at trial in a similar fashion. He professed to the jury that his actions were compelled because he was afraid of Massie. However, the evidence shows that Landry participated in events occurring over several hours, including the pizza parlor incident. He was advised that Massie said he wanted to kill Petrea; he testified he thought Massie was just going to fight Petrea; he assisted Massie in a meeting set up to lure Petrea to Massie's house; he kicked Petrea in the ribs; he held a shotgun on Petrea when Massie and Cortez were attempting to rob Petrea. After Petrea was placed in the trunk, Landry went with the other two men to a wooded area at a time he knew Petrea was going to be killed; Landry drove with the other two men back to the scene to retrieve a cap; Landry returned to Massie's house and assisted in washing Petrea's blood from the vehicle and disposing of Petrea's vehicle.

Landry was a part of this operation from its inception through the attempted washing away of evidence. His response was that he was afraid of Massie and that he only did these things because of his fear. The jury was instructed that Landry was asserting the affirmative defense that he was compelled to participate in the offense by threat of imminent death or serious bodily injury to himself. By its verdict of guilty, the jury impliedly found against Landry on this issue.

Landry argues that the aggravated assault charge should have been given because there was evidence that he kicked Petrea and displayed a deadly weapon. We have noted the commission of aggravated assault by using or exhibiting a deadly weapon is not a lesser included offense for this allegation of murder. Landry testified that he kicked Petrea once in the ribs, but there is no evidence that such

action caused serious bodily injury to Petrea.[3] Thus, that form of aggravated assault was not raised by the evidence. The evidence does not support a jury charge submitting the issue of aggravated assault.

The actions of Landry are sufficient to impose on him criminal liability for capital murder as alleged. It is undisputed that Landry engaged in the actions listed above; the only issue was whether he did so involuntarily due to compulsion from Massie. The actions of Landry in assisting in the murder would not allow a finding that, if guilty, he only committed aggravated assault. All of the evidence, including Landry's own testimony, shows he did much more than merely assault Petrea; he assisted in Petrea's murder. Consequently, a rational jury could not conclude that, if Landry was guilty, he could only be guilty of aggravated assault.

### 2. *Murder*

■ The difference between the allegations in the capital murder indictment and the lesser included offense of murder are that, in a capital murder case, the State has the additional burden of proving that the murder occurred in the course of committing or attempting to commit the offense of kidnapping and robbery. Landry did not actually inflict the wounds to Petrea resulting in Petrea's death. Therefore, his criminal responsibility for capital murder is only present if, acting with intent to promote or assist in the commission of the offense, he solicited, encouraged, directed, aided or attempted to aid Massie and Cortez in the murder while in the course of committing kidnapping and robbery of Petrea, or was responsible under a

conspiracy theory. TEX. PENAL CODE ANN. § 7.02(a), (b).

Landry alleges that a jury could have concluded he was threatened by Massie which compelled him to participate in the abduction and murder of Petrea and, while Landry might have anticipated that Petrea would be murdered, he had no reason to believe the crime would involve any attempt to kidnap or rob Petrea. However, Landry testified that, by the time Massie instructed him to get in the car and exhibited a pistol, Petrea had been abducted and placed in the trunk of the car and the attempted robbery was completed. Until the point that Massie and Cortez returned from attempting to find Petrea's money in his truck, Landry was in possession of a shotgun. According to the testimony, Massie and Cortez walked Petrea to the vehicle and put him in the trunk. At that point, Massie told Landry to get in the car and exhibited his gun. To find Landry guilty of capital murder, the jury had to find that Landry caused the death of Petrea while in the course of committing or attempting to commit robbery *or* kidnapping. The robbery occurred when Landry was holding a shotgun on Petrea while the other two confederates searched Petrea's vehicle. So the robbery had been committed before Massie instructed Landry to get in the car with them and exhibited a weapon.

The offense of kidnapping requires the abduction of another person. TEX. PENAL CODE ANN. § 20.03 (Vernon 2003). "Abduct" means "to restrain a person with intent to prevent his liberation by: . . . (B) using or threatening to use deadly force." TEX. PENAL CODE ANN. § 20.01(2)(B) (Ver-

---

**3.** "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon Supp.2006). Landry testified about the assault of Petrea, "I wouldn't say he was beaten bad."

non Supp.2006). Before Landry was allegedly required to accompany Massie and Cortez to the wooded area after Petrea was placed in the trunk, Landry had used a firearm to restrain Petrea with intent to prevent his liberation. So both a kidnapping and robbery occurred before Massie allegedly threatened Landry and required him to ride to the scene of the murder. There is no evidence that would support a finding, when considering Landry as a party, that he could be guilty of only murder—not capital murder—since the only evidence is that this crime included not only the killing of Petrea, but also his kidnapping and robbery. Consequently, a rational jury could not conclude that, if guilty, Landry was guilty only of the lesser offense. A submission of the lesser offense of murder was not required.

Having found that the trial court did not err in refusing to submit the requested jury instructions, we affirm the judgment of the trial court.